UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LOUIS ARBEE,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>    Defendants. | Case No. 17-cv-05962-RMI<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Petitioner, a California prisoner proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Petitioner was convicted in San Francisco venue is proper here. *See* 28 U.S.C. § 2241(d). Petitioner has paid the filing fee (Doc. 1), and has also consented to the jurisdiction of a Magistrate Judge (Doc. 6).

**BACKGROUND**

Following his conviction for robbery, and an enhancement for the use of a firearm, Petitioner was sentenced to serve 13 years and eight months in prison. *People v. Arbee*, No. A144931, 2016 Cal. App. Unpub. LEXIS 6057, *1 (Cal. App. 1st Dist., Aug. 16, 2016). His appeals to the California Court of Appeal and the California Supreme Court were denied. *Id*. at *18; *People v. Arbee*, No. S237228, 2016 Cal. LEXIS 9186, *1 (Cal., Nov. 9, 2016).

**DISCUSSION**

**Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**Legal Claims**

As grounds for federal habeas relief, Petitioner asserts: (1) that the evidence was insufficient to sustain the convictions, thus violating Due Process; (2) that the convictions were the product of a Confrontation Clause violation; (3) that the trial court's failure to instruct the jury regarding lesser included offenses rendered the trial so fundamentally unfair as to violate Due Process; (4) that Due Process was denied by the admission at trial of Petitioner's jailhouse phone conversations. Liberally construed, these claims are sufficient to require a response.

**CONCLUSION**

1. The Clerk shall serve by regular mail a copy of this order, the petition and all attachments thereto, as well as a Magistrate Judge jurisdiction consent form, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on counsel for Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to the provisions of Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer, and serve on counsel for Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within twenty-eight (28) days of his receipt of the answer.

2

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and Respondent may file with the court and serve on counsel for Petitioner a reply within fourteen (14) days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: March 23, 2018.

ROBERT M ILLMAN
United States Magistrate Judge