1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT

6
7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

LOUIS W. ARBEE,

10

Petitioner,

No. C 17-05962 WHA

11

v.

12

SCOTT KERNAN, Secretary of the California
Department of Corrections and Rehabilitation,
and RONALD DAVIS, Warden of San
Quentin State Prison,

13
14

15

Respondents.

16

**ORDER DENYING MOTION
TO TRANSFER MATTER TO
MAGISTRATE JUDGE**

17

Petitioner Louis Arbee initiated this Section 2254 action in October 2017.  In

18

November 2017, the Clerk issued a notice requesting that "all parties" consent or decline to

19

magistrate judge jurisdiction by November 15.  Petitioner consented shortly thereafter (Dkt.

20

Nos. 1, 5–6).

21

In March 2018, Magistrate Judge Robert Illman issued an order to show cause,

22

pursuant to which the Clerk served respondents with a copy of the magistrate judge jurisdiction

23

consent form.  Respondents declined jurisdiction in May 2018.  The case was then reassigned

24

to the undersigned judge.  Petitioner now moves to transfer the case back to Judge Illman,

25

arguing that by failing to meet the Clerk's November 15 deadline, respondents waived any

26

right to decline magistrate judge jurisdiction (Dkt. Nos. 9, 12, 16).

27

Section 636(c) of Title 28 of the United States Code confers jurisdiction on a

28

magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order

the entry of judgment in the case" when (1) the magistrate judge has been "specially

designated to exercise such jurisdiction by the district court," *and* (2) the parties consent to the magistrate judge's authority. Here, however, all parties have *not* provided consent.

While Section 636(c) does not specify the precise form or timing of a party's consent to a magistrate judge's authority, our court of appeals requires that the record reflect a "clear and unambiguous expression of consent." *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001). Moreover, FRCP 73(b) requires that the parties execute and file a written consent form. Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity. *Kofoed*, 237 F.3d at 1004.

Petitioner provides no authority to support his argument that respondents' failure to object to magistrate judge jurisdiction by the Clerk's initial deadline effectively constituted a "clear and unambiguous expression of consent." And, notably, respondents never received notice of the Clerk's November 15 deadline. Instead, the Clerk served respondents with the magistrate judge jurisdiction consent form only after the March 2018 order to show cause. Petitioner's request is accordingly **DENIED**.

    **IT IS SO ORDERED.**

Dated: June 13, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2